IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**ALAN R. MANN,**

        **Petitioner,**

v.                                    **Case No. 5:19-cv-00548**

**DAVID L. YOUNG, Warden,**
**FCI Beckley,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss, or in the alternative, to Transfer (ECF No. 12). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 12-1), **DENY** the petitioner's section 2241 petition (ECF No. 1) and Respondent's alternative Motion to Transfer (ECF No. 12-2), and **DISMISS** this matter from the docket of the court.

**BACKGROUND AND PETITIONER'S CLAIMS**

A.    **Petitioner's criminal proceedings and post-conviction filings.**

On November 1, 2004, a jury in the United States District Court for the Eastern District of Kentucky convicted Petitioner of the following offenses: conspiracy to

manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 851 (Counts 1 and 2); distribution of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count 3); possession with intent to distribute a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count 4); possession of equipment, products, and materials used to manufacture methamphetamine in violation of 21 U.S.C. §§ 843(a)(6) and 851 (Counts 5 and 8); possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d) (Count 6); and possession of firearm by a convicted felon in violation of 18 U.S.C § 922(g)(1) (Count 9). *See United States v. Mann et al.*, Case No. 6:04-cr-00031, ECF Nos. 137 (E.D. Ky.). On March 7, 2005, Petitioner was sentenced to life in prison on Counts 1 and 2; 30 years on Counts 3 and 4; 20 years on Counts 5 and 8; 10 years Counts 6 and 9, all of which were to run concurrently. *Id.*, ECF No. 175.

Prior to the trial, Petitioner's underlying felony convictions were disclosed in the Government's Notice of Prior Conviction. *Id.*, ECF No. 35 (docketed herein as ECF No. 12, Ex. E).[1] Additionally, during the trial, a stipulation setting forth that, "prior to March 4, 2004, [Petitioner] had been convicted of a felony punishable by a term of imprisonment of more than one year" was read to the jury. (ECF No. 12, Ex. F).

---

[1] Petitioner previously pled guilty in the Clermont County Ohio Court of Common Pleas to one count of aggravated trafficking in marijuana in violation of Ohio Rev. Code § 2925.03(A). (ECF No. 12, Ex. B, at 1). On June 11, 1997, Petitioner pled guilty to "a felony of the third (3rd) degree" and acknowledged that he could be sentenced to a term of imprisonment of up to five years on that state drug conviction. (*Id.*) Petitioner's written guilty plea stated that "the defendant appeared in open Court, represented by counsel, W. Stephen Haynes," and that the "Court informed the defendant as to the nature of the charges against him, the maximum possible penalty involved, the consequences of his guilty plea of guilty, and the defendant affirmatively acknowledged he/she [sic] understood." (*Id.*) On June 25, 1997, Petitioner was sentenced to two years of imprisonment. (*Id.*, Ex. C, at 1). Additionally, on [date], Petitioner pled guilty in the United States District Court for the Eastern District of Kentucky to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 1) and **possession of a firearm by a convicted felon in violation of 18 U.S.C § 922(g)(l) (Count 5)**, and [on date] he was sentenced to serve a 37-month term of imprisonment. *See United States v. Alan Mann*, Case No. 6:95–cr–00009, ECF Nos. 65, 69 (E.D. Ky.) (Judgment docketed herein as ECF No. 12, Ex. D).

On March 7, 2005, Defendant filed a *pro se* notice of appeal. *Id.*, ECF No. 183. On August 18, 2006, the Sixth Circuit Court of Appeals affirmed the sentence imposed by the district court. *See United States v. Mann*, 190 F. App'x 430 (6th Cir. 2006). Petitioner's petition for a writ of certiorari was denied on January 8, 2007. *Mann v. United States*, 127 S. Ct. 1000 (Jan. 8, 2007).

On January 9, 2008, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the sentencing court. *United States v. Mann*, No. 6:04-cr-00031, ECF No. 223 (also docketed in Case No. 6:08-cv-7008). On November 17, 2008, the sentencing court denied Petitioner's § 2255 motion. *Id.*, ECF No. 249. The Sixth Circuit denied Petitioner a certificate of appealability on June 16, 2009. *Id.*, ECF No. 253.

### B.     The instant § 2241 petition.

On July 26, 2019, Petitioner filed the instant § 2241 petition (ECF No. 1) and a memorandum in support thereof (ECF No. 2) claiming that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), is an intervening substantive change in statutory interpretation that invalidates his § 922(g) conviction. Thus, Petitioner claims that he is "actually innocent" of the § 922(g) offense because the record contains no evidence to demonstrate that he was aware of his prohibited status on March 4, 2004.

On October 8, 2019, the undersigned entered an Order and Notice directing Respondent to respond to the Petition. (ECF No. 7). On December 9, 2019, Respondent filed a Response, Motion to Dismiss or, in the alternative, Motion to Transfer (ECF No. 12). On January 6, 2020, Petitioner filed an Answer ("Reply") to Respondent's Response (ECF No. 13). This matter is ripe for adjudication.

3

## ANALYSIS

Petitioner's claim challenges the validity of his § 922(g) conviction, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id*. at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth

4

Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.[2]  In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction (here, the Sixth Circuit) that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

Petitioner claims that, based upon the Supreme Court's decision in *Rehaif*, he is "actually innocent" of being a felon in possession of a firearm and, therefore, is not guilty of violating § 922(g). The Sixth Circuit derives its definition of "actual innocence" from *Bousley v. United States*, 523 U.S. 614 (1998).

> *Bousley* held that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him . . . [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623–24, 118 S. Ct. 1604 (internal quotation marks and citations omitted).

*Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

In *Rehaif*, the Supreme Court held that, to prove a § 922(g) offense, the government must show that the defendant knew he possessed a firearm and also that he

---

[2] Respondent's Response (ECF No. 12 at 6-7) addresses Petitioner's claim under the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415, 433 (4th Cir. 2018), which established the standard for challenging a sentence, rather than a conviction, under the savings clause. As noted by Petitioner's Reply (ECF No. 13 at 4-5), because Petitioner is making an actual innocence claim to his § 922(g) conviction, rather than the sentence itself, the *Jones* standard, not *Wheeler*, is applicable.

knew he had the relevant status when he possessed it (in this case, that he knew that he was a felon).³  139 S. Ct. at 2195-96.  This decision overturned prior Sixth Circuit authority in place at the time of Petitioner's conviction and during his prior post-conviction proceedings which established the legality of Petitioner's conviction.  *See United States v. Davis*, 27 F. App'x 542 (6th Cir. 2001) (recognizing that "the statute requires only that the defendant know that he is in possession of a firearm after being convicted of the requisite offense."); *United States v. Beavers*, 2-6 F.3d 706 (6th Cir. 2000) (922(g) only requires that the defendant knew that he possessed a firearm, not that he knew such possession was illegal).  Thus, it appears that Petitioner can satisfy the first *Jones* requirement.

It further appears that Petitioner can also meet the third prong of the *Jones* standard because *Rehaif* addresses a matter of statutory interpretation, rather than a new rule of constitutional law.  Therefore, he would not be able to satisfy the gatekeeping provisions in 28 U.S.C. § 2255(h) to raise this claim in a second or successive § 2255 motion.  However, Petitioner cannot meet the second prong of *Jones* because he cannot demonstrate, either that *Rehaif* is retroactive on collateral review, or that he is actually innocent of his § 922(g) offense.

Petitioner contends that the government did not prove, and the jury was not instructed on, the essential element that Petitioner knew he was a felon when he possessed the subject firearm.  Respondent, on the other hand, asserts that, due to his

---

³ However, federal courts have squarely rejected the notion that *Rehaif* requires the government to prove that a defendant knew that he was forbidden from possessing a firearm because of that prohibited status. *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019); *see also Clark v. Gillen*, No. 6:20-076-DCR, 2020 WL 1644022, *3-4 (E.D. Ky. Apr. 2, 2020) (the government's burden to prove a § 922(g) violation does not include proof that the defendant specifically knew that he was prohibited from possessing firearms); *cf. United States v. Burghardt*, 939 F. 3d 397, 401, 403 (1st Cir. 2019).

guilty pleas to his prior felony convictions, and the stipulation to the same before the jury that convicted him of the § 922(g) offense, Petitioner cannot demonstrate that he did not know he was a felon. Thus, he cannot establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Wooten*, 677 F.3d at 307-08.

The undersigned has not been able to access the jury instructions from Petitioner's underlying criminal case. Nonetheless, even assuming that the jury was not properly instructed on the *mens rea* element in accordance with *Rehaif*, Petitioner stipulated to having been convicted of a felony offense prior to the firearm possession, and that stipulation was presented to the jury. (ECF No. 12, Ex. F). Moreover, Defendant pled guilty to his prior felony offenses and was advised during the plea process that he was pleading to felony convictions. (*Id.*, Exs. B-D).

Thus, even where *Rehaif* makes clear that jury instructions used at trial misstated the law, a defendant's stipulation to his status as a felon at trial renders the instructional error harmless. *See Old Chief v. United States*, 519 U.S. 172, 185-89 (1997) (holding that where a § 922(g)(1) defendant stipulates to his felon status, the probative value of evidence about his prior convictions is substantially outweighed by the danger of unfair prejudice under Rule 401 of the Federal Rules of Evidence); *see also United States v. Briscoe*, No. 18-10031-EFM, 2019 WL 5549165 (D. Kan. Oct. 28, 2019) (denying *Rehaif* claim where parties stipulated to defendant's prior felony conviction and finding that instructional error was harmless); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (a habeas petitioner is not entitled to relief on a claim of trial error unless such error "had substantial and injurious effect or influence in determining the jury's verdict."); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (To warrant habeas relief, "jury instructions, as a

7

whole, must be so infirm that they rendered the entire trial fundamentally unfair."); *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000).

Petitioner has provided no basis to conclude that a reasonable juror would infer that he was not aware that he had been convicted of prior felonies when he possessed the firearm. *See Hunter v. Quintana*, No. 5:19-300-DCR, 2020 WL 50399 (E.D. Ky. Jan. 3, 2020) (denying § 2241 petition based upon *Rehaif* where petitioner had stipulated to prior felony convictions); *Cf. United States v. Gear*, Crim. No. 17-742 SOM, 2019 WL 4396139, at *6-7 (D. Hawai'i Sept. 13, 2019) (declining to disturb conviction under § 922(g)(5)(B) following *Rehaif* because, even absent a jury instruction, evidence adduced at trial established that "[n]o reasonable juror could have doubted that Gear knew that he had entered the United States on an H-1B visa."); *Boose v. Marske*, No. 17-CV-303-JDP, 2019 WL 4393077 (W.D. Wisc. Sept. 13, 2019) (same under § 922(g)(1)).

Moreover, Petitioner has not established that being a felon in possession of a firearm is no longer a criminal offense or that he is not factually guilty thereof. Accordingly, Petitioner has not shown that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him, and he has failed to establish his actual innocence of his § 922(g) conviction.

Notwithstanding these other findings, Petitioner also cannot establish the second prong of the *Jones* test because *Rehaif* has not been made retroactive on collateral review. *Clark*, *supra*, 2020 WL 1644022, at *3; *Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207, *2 (E.D. Ky. Jan. 7, 2020); *Wright v. United States*, 2020 WL 718237 (W.D. Tenn. Feb. 12, 2020) ("While the Sixth Circuit has not yet addressed *Rehaif*'s retroactivity, this Court agrees with the district court decisions in this Circuit holding that the ruling in *Rehaif* does not apply retroactively to cases on collateral

review."); *see also Dowlen v. United States*, 2020 WL 489460, at *2 (M.D. Tenn. Jan. 30, 2020) (collecting cases); *Doyle v. United States*, 2019 WL 6351255 (S.D. Ohio Nov. 27, 2019) (*citing Moore v. United States*, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019)).

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. The petitioner's claims should be addressed, if at all, in a section 2255 motion filed in the court of conviction. However, the petitioner has already pursued relief under section 2255 in the court where he was convicted and, at present, he has not received authorization from the United States Court of Appeals for the Sixth Circuit to file a second or successive section 2255 motion. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition and his related motions.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 12-1), **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and Respondent's Motion to Transfer (ECF No. 12-2), and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules

1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

June 4, 2020

Dwane L. Tinsley
United States Magistrate Judge