UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ALAN R. MANN,

        Petitioner,

v.                                                    CIVIL ACTION NO. 5:19-cv-00548

DAVID L. YOUNG, Warden,
FCI Beckley,

        Respondent.

**<u>ORDER</u>**

        Pending are Petitioner's Petition for a Writ of Habeas Corpus [Doc. 1], filed July 26, 2019, and Respondents Motion to Dismiss, or in the alterative, to Transfer [Doc. 12]. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on June 4, 2020. Magistrate Judge Tinsley recommended that the Court grant Respondent's Motion to Dismiss, deny Respondent's Motion to Transfer, deny Petitioner's Petition for a Writ of Habeas Corpus, and dismiss this civil action from the docket.

        The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-*

*Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed his objections on July 1, 2020 [Doc. 15]. Petitioner objects to the PF&R's recommendation that his section 2241 Petition be denied on the basis that it fails to satisfy the second prong of the savings clause test announced in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The second prong requires that "subsequent to the prisoner's direct appeal and his first section 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 333-34. Petitioner contends that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), is retroactive on collateral review. Neither the Supreme Court nor the Sixth Circuit, the Court of Appeals of his conviction, have addressed retroactive application of *Rehaif*. District courts within the Sixth Circuit, however, have concluded that *Rehaif* does not apply retroactively on collateral review. *See United States v. Burley*, No. 4:15-cr-352, 2020 WL 2126682, *1 (N.D. Oh. May 5, 2020); *Wright v. United States*, No. 1:16-cv-01080, 2020 WL 718237 (W.D. Tenn. Feb. 12, 2020); *see also Dowlen v. United States*, No. 3:16-cv-0676, 2020 WL 489460, *2 (M.D. Tenn. Jan. 30, 2020) (collecting cases). The Court agrees with the weight of authority indicating that *Rehaif* is not deemed retroactive in the circuit of his conviction.

2

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 14**], **GRANTS** Respondent's Motion to Dismiss **[Doc. 12-1]**, **DENIES** Respondent's Motion to Transfer **[Doc 12-2]**, **DENIES** Petitioner's Petition for a Writ of Habeas Corpus [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party herein.

ENTERED: September 29, 2020



Frank W. Volk
United States District Judge

2